[Cite as *In re K.C.*, 2012-Ohio-1162.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| K.C. (DOB 10-11-2010) | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| MINOR CHILD | : | |
| | : | Case No. 2011CA00259 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2011JCV00001

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      March 19, 2012

APPEARANCES:

For Appellant

JENNIFER A. ROBERTS
122 Central Plaza North
Suite B3
Canton, OH 44702

For Appellee

LISA A. LOUY
110 Central Plaza South
Suite 400
Canton, OH 44702

*Farmer, J.*

{¶1} On January 3, 2011, appellee, the Stark County Department of Jobs and Family Services, filed a complaint for temporary custody of K.C. born October 11, 2010, alleging the child to be dependent. Mother is appellant, Candice Crooms; alleged father is James Adler. By judgment entry filed March 11, 2011, the trial court found the child to be dependent and granted temporary custody to appellee.

{¶2} On August 24, 2011, appellee filed a motion for permanent custody. A hearing was held on October 18, 2011. By judgment entry filed October 27, 2011, the trial court granted permanent custody of the child to appellee. Findings of fact and conclusions of law were filed contemporaneously with the judgment entry.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES (SCDJFS) AS SCDJFS FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT IT IS IN THE BEST INTEREST OF THE MINOR CHILDREN TO GRANT PERMANENT CUSTODY."

II

{¶5} "THE TRIAL COURT ERRED BY FINDING GROUNDS FOR PERMANENT CUSTODY AS SUCH DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I, II

{¶6}    Appellant claims the trial court erred in determining it was in the best interests of the child to grant appellee permanent custody.  Appellant also claims the trial court's decision to grant permanent custody to appellee was against the manifest weight of the evidence.  We disagree.

{¶7}    As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses.  Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries* (February 10, 1982), Stark App. No. CA–5758.  Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction* (1978), 54 Ohio St.2d 279.  A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9.

{¶8}    R.C. 2151.414(E) sets out the factors relevant to determining permanent custody.  Said section states in pertinent part as follows:

{¶9}    "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence.  If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of

the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

{¶10} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

{¶11} "(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code;

{¶12} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;

**{¶13}** "(16) Any other factor the court considers relevant."

**{¶14}** R.C. 2151.414(B)(1) enables a trial court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. "Clear and convincing evidence" is "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford* (1954), 161 Ohio St. 469, paragraph three of the syllabus. R.C. 2151.414(B)(1) states the following:

**{¶15}** "Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

**{¶16}** "(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period,***and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

**{¶17}** "(b) The child is abandoned.

**{¶18}** "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

{¶19} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period***."

{¶20} R.C. 2151.414(D)(1) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:

{¶21} "(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

{¶22} "(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

{¶23} "(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period***;

{¶24} "(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

{¶25} "(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."

{¶26} In its findings of fact and conclusions of law filed October 27, 2011, the trial court found the following:

{¶27} "12. ***Candice Crooms cannot adequately meet her own needs, let alone her child. Due to mothers mental health concerns; placement of the child with her would place the child at risk now and in a reasonably foreseeable time.

{¶28} "The Court is unable to find that this child could be safely returned to Candice Crooms based upon her failure to remedy the problems that led to the removal of this child. The Court is unable to find that she will remedy these problems within a reasonable period of time.

{¶29} "13. The Court finds that James Adler has abandoned this child by virtue of his lack of contact with her, his lack of bonding with her, failure to support her, and his failure to attempt any form of reunification.

{¶30} "14. The Court finds that neither parent has remedied the problems that led to removal, nor can the Court find that within a reasonable period of time they will remedy the problems leading to removal."

{¶31} Appellant argues she essentially fulfilled the case plan and she should be given an opportunity to demonstrate her parenting skills.

{¶32} Although appellant completed the Goodwill parenting course as required in her case plan, she failed to meet fifty percent of her goals. T. at 7, 38. Goodwill concluded that they had "grave concerns" regarding appellant's ability to parent a child. T. at 43. Appellant blamed her failure to successfully complete the Goodwill parenting course on being raped near the end of the course. T. at 60-61. However, her goals had not been met prior to the incident. T. at 14.

{¶33} Aimee Thomas, a psychology assistant with Northeast Ohio Behavioral Health, completed a parenting evaluation on appellant. T. at 24. Dr. Thomas testified

appellant's "significant cognitive deficits" interfered with her ability to parent in a safe and competent manner without "twenty-four/seven supervision." T. at 31. Dr. Thomas had serious concerns with appellant's comprehension, working memory, short term memory and long term memory. T. at 26, 32. The only way appellant could function as a parent would be to have a life coach and she would have to have home based parenting involvement. T. at 7, 44. Appellant's "developmental disabilities were stable, which therefore meant not changeable." T. at 9. Further intensive services would not improve her abilities. T. at 9-10.

{¶34} Appellant failed in completing a case plan involving an older child in Florida, but blamed that failure on her move to Ohio. T. at 6, 56. Appellant moved to Ohio to give birth to the child sub judice to avoid Florida's Children Services and have her mother raise the child. T. at 8, 12, 29, 53. It was appellant's plan to return to Florida to regain custody of her older child. T. at 53. Appellant believes she can parent now because her social security benefit is sent directly to her. T. at 54-55.

{¶35} The major concern was appellant's ability to care for her young child and her lack of retaining what she had learned. T. at 28, 42-43. This concern was confirmed by incidents during visitation with the child. T. at 16-17, 22, 40-41. Appellant has demonstrated the need for anger management and has difficulty with learning and adopting new skills. T. at 27-28, 40. The child's alleged father has had no contact with appellant or the child. T. at 5, 21.

{¶36} Although appellant clearly loves her child and her lack of parenting skills is not of her own making, it is clear from the record that she cannot function as a single mother.

**{¶37}** As for best interests, the trial court found the following:

**{¶38}** "K.C. is placed in an agency licensed foster home and the foster parents wish to adopt her.

**{¶39}** "The Guardian Ad Litem presented a written report to the Court and recommended that permanent custody be granted to the SCDJFS.

**{¶40}** "The Court finds that this child is not strongly bonded to any biological parent.

**{¶41}** "The Court finds it is in the best interest of K.C. to grant her permanent custody to the SCDJFS for purposes of adoption. K.C. deserves to be in a stable, loving environment where she can thrive and have her needs met on a daily basis."

**{¶42}** The alternative placement suggested by appellant (her parents) had been previously rejected as a placement for another child. T. at 66, 74-75. The child is in a single-child foster-to-adopt home and has bonded with the foster parents. T. at 73-74. Any bond between appellant and the child was minimal and described as "comfortable around one another." T. at 13, 78.

**{¶43}** Upon review, we find the trial court did not err in finding, by clear and convincing evidence, that the best interests of the child would best be served by granting appellee permanent custody of the child.

**{¶44}** Assignments of Error I and II are denied.

{¶45} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Edwards, J. concur.


_s/ Sheila G. Farmer_____


_s/ Patricia A. Delaney_____


_s/ Julie A. Edwards_____

JUDGES


SGF/sg 222

[Cite as *In re K.C.*, 2012-Ohio-1162.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| | : | |
| K.C. (DOB 11-09-2005) | : | |
| | : | |
| MINOR CHILDREN | : | JUDGMENT ENTRY |
| | : | |
| | : | |
| | : | CASE NO. 2011CA00259 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed.  Costs to appellant.

_s/ Sheila G. Farmer_____

_s/ Patricia A. Delaney_____

_s/ Julie A. Edwards_____

JUDGES